IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CESAR HILARIO LLANOS PLACENCIA, | : : : |
| Petitioner | : : |
| v. | :   CIVIL NO. 4:CV-16-1898 : |
| CRAIG LOWE, ET AL., | :   (Judge Brann) : |
| Respondents | : |

## **MEMORANDUM**

November 7, 2016

**Background**

    Cesar Hilario Llanos Placencia, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Warden Craig Lowe of the Pike County Prison was previously deemed to be the sole Respondent.

    Petitioner states that he is a native and citizen of Ecuador who entered the United States on or about November 27, 2002 without inspection. He subsequently married a United States citizen. While in this country, Placencia was convicted of simple assault on May 8, 2014 in the Court of Common Pleas of

1

Lehigh County , Pennsylvania.

Petitioner was taken into ICE custody on December 16, 2014 based upon his illegal entry into the United States and his aforementioned criminal conviction. An immigration judge ordered Petitioner's removal from the United States on February 23, 2015. An appeal of that decision is presently pending before the Board of Immigration Appeals (BIA). As such, Placencia is not yet subject to a final order of removal.

The pending § 2241 petition challenges Petitioner's indefinite detention pending removal. Respondent concedes that "[t]he Court should order that a bond hearing be held before an immigration judge." Doc. 6, p. 1. As relief, Placencia seeks a bond hearing before an Immigration Judge or his release under supervision. For the reasons set forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

**Discussion**

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment and Diop v. ICE/Homeland Sec., 656 F.3d 221, 231-35 (3d Cir. 2011).

Section 1226(c) clearly requires that, prior to a final removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits. In Demore v. Kim, 538 U.S. 510, 531 (2003), the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." The United States Court of Appeals for the Third Circuit has interpreted Demore and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Id.; see also Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the

3

detainee. Diop, 656 F.3d at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," id., and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit, in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic may preclude a finding

4

of unreasonable detention.[1] Chavez-Alvarez, 783 F.3d at 476.   In Chavez-Alvarez, our Court of Appeals found that "beginning sometime after the six-month timeframe considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.   Respondent acknowledges that based upon Chavez-Alvarez, Placencia is entitled to an individualized bond hearing since he has been detained for approximately twenty-two (22) months.  This Court agrees and also recognizes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.). Based upon the Respondent's concurrence and since the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez, the Court orders that an immigration judge conduct an individualized bond hearing for the Petitioner within thirty (30) days of the date of this Memorandum.

**Conclusion**

---

[1] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge.  Therefore, the Court will grant the instant petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

BY THE COURT

    s/  Matthew W. Brann
Matthew W. Brann
United States District Judge